## McCALL v. COHN.

(Supreme Court, Appellate Term. December 16, 1908.)

1. STIPULATIONS (§ 18*)—CONCLUSIVENESS—EFFECT.
   In a suit by a contractor against the owner of a building, it appeared that a subcontractor had filed a mechanic's lien on a claim against the contractor, whereupon it was stipulated that whatever amount might be recovered by the contractor should be turned over to the owner to apply in payment of the lien up to the sum of $373.11. *Held*, that such stipulation concluded the parties from questioning the validity or amount of the lien.

   [Ed. Note.—For other cases, see Stipulations, Dec. Dig. § 18.*]

2. STIPULATIONS (§ 17*)—PERSONS CONCLUDED.
   During the trial of an action by a contractor against the owner it appeared that a subcontractor, not a party to the suit, had filed a mechanic's lien on the claim against the contractor, whereupon it was stipulated that any amount that plaintiff recovered up to $373.11 should be turned over to defendant to satisfy such lien. *Held* that, as the subcontractor was not bound by such agreement, a judgment for the contractor for the whole amount due was erroneous, and should be modified so as only to award the contractor the excess over the amount of the lien.

   [Ed. Note.—For other cases, see Stipulations, Dec. Dig. § 17.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Patrick J. McCall against Eliza Cohn. From a Municipal Court judgment for plaintiff, defendant appeals. Reversed on condition.

Argued before GIEGERICH, HENDRICK, and FORD, JJ.

Isaac S. Heller, for appellant.
Gavegan & McQuaid, for respondent.

HENDRICK, J. There is sufficient evidence to sustain the judgment in favor of the plaintiff. It appeared upon the trial that the Beadeck Marble Company had filed a mechanic's lien upon the defendant's property upon a claim against the plaintiff as contractor, the claimant being a subcontractor, of which lien the plaintiff had notice. The parties herein stipulated and agreed in open court, and it was so entered upon the minutes, that "whatever amount may be recovered herein by the plaintiff will be turned over to the defendant herein for the purpose of having the defendant apply it to the payment of the lien of the Beadeck Marble Company up to the sum of $373.11." This stipulation is binding upon the respective parties, and they are estopped from questioning the validity or amount of said lien. By such stipulation the plaintiff, in effect, says: "If I prove myself entitled to recover more than the sum of $373.11, I will take a judgment for only such a sum as represents the excess, leaving the said sum of $373.11 to be applied by the defendant in payment of the claim of the Beadeck Marble Company." The Beadeck Marble Company, however, not being a party to such agreement, cannot thereby be deprived of its right to resort to a contract action against the plaintiff or to bring an action against the defendant to foreclose its lien.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

By reducing the judgment to such excess, all the parties are protected. Should the Beadeck Marble Company bring an action against the plaintiff, upon payment thereof by him, he would have a cause of action against the defendant as for money had and received. The defendant is also protected, as by payment to the Beadeck Marble Company he can avoid a suit by that company. To permit this judgment to stand as now entered for the full amount of the plaintiff's claim, which includes, as well, that of the Beadeck Marble Company, would possibly subject the defendant to the payment to the Beadeck Marble Company of the amount of its claim now included in the plaintiff's judgment, as the stipulation provides for its payment by the defendant and not by the plaintiff.

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event, unless the plaintiff will stipulate within five days to reduce the amount of the recovery to the sum of $124.64 and appropriate costs in the court below, in which event the judgment as modified will be affirmed without costs of this appeal to either party. All concur.